IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| MADELYN REECE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>    PLAINTIFF,<br><br>v.<br><br><br>BIOLAB INC., and KIK CUSTOM PRODUCTS INC. d/b/a KIK CONSUMER PRODUCTS,<br><br>    DEFENDANTS. | Case No.<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Madelyn Reece, ("Plaintiff"), by and through undersigned counsel, on behalf of herself and all other persons similarly situated, brings suit against Defendant BioLab Inc. ("BioLab") and KIK Custom Products, Inc. d/b/a KIK Consumer Products ("KIK") (collectively "Defendants"), and alleges upon information and belief and based on the investigation to date of counsel, as follows:

**I.      FACTUAL BACKGROUND**

1.      Biolab is licensed to do business in the State of Georgia and at all relevant times owned and operated the Conyers, Georgia chemical plant located at 1700 Covington Hwy, Conyers, GA 30012 ("Conyers Plant"). The Conyers Plant processes and packages tri-chloroisocyanuric acid ("TCCA") for consumer use.

2.      Biolab's Conyers Plant has been a public nuisance for years. There have been at least 3 separate fires or explosions that have inflicted significant harm on the local community. The latest fire broke out on September 29, 2024 (the "Bio Lab Fire"). The fire was initially extinguished, but later reignited triggering the building's sprinkler system. The water from the sprinkler system sprayed water onto chemicals in the facility, triggering an explosive chemical reaction.

3.      The Conyers Plant has a long history of significant health and safety violations.[1]

4.      There were at least four previous fires at the Conyers plant, in 2004, 2015, 2016, and 2020.[2]  The May 25, 2004 and September 14, 2020 also resulted in widespread harm to the local community, including evacuations and the closure of I-20.[3]

5.      This latest BioLab Fire released massive amounts of poisonous smoke into the air. This poisonous smoke contained toxic chemicals such as chlorine, chloramine, bromine, and other chlorine compounds.  News reports called the smoke "very, very toxic."

---

[1] https://www.atlantanewsfirst.com/2024/09/30/metro-atlanta-chemical-lab-owner-cited-repeatedly-safety-issues/ (Accessed October 10, 2024).

[2] https://www.fox5atlanta.com/news/lawmakers-meeting-residents-rockdale-county-biolab-chemical-fire (Accessed October 11, 2024).

[3] https://www.11alive.com/article/news/local/conyers-biolab-facility-violated-safety-standards/85-13a327fc-a46a-45b7-ab1e-b663f59e1482 (Accessed October 10, 2024).

6. Rockdale County officials issued an evacuation order, requiring 17,000 residents of Conyers, Georgia to evacuate and an additional 90,000 more told to shelter in place. All residents of Rockdale County were ordered to shelter in place. Neighboring counties were similarly affected with reports of noxious fumes throughout Metro Atlanta, including in the counties of Fulton, DeKalb and Gwinnett. Schools were closed throughout Metro Atlanta.

7. The shelter in place order was extended through the evening on Monday, September 30, 2024, and all businesses in Rockdale County were advised to close.

8. On Tuesday, October 1, 2024, Rockdale County authorities issued another shelter in place order lasting until October 4, 2024, advising all residents to shelter in place between the hours of 7 p.m. and 7 a.m.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. Defendant KIK is a citizen of Delaware and Georgia, Defendant Biolab is a citizen of Delaware, and Plaintiff and all class members are citizens of Georgia.

10. Defendants conduct substantial business in Rockdale County, including the operation of the chemical plant, and have sufficient contacts with this County or otherwise intentionally avail themselves of the laws and markets of this County, so as to sustain this Court's jurisdiction over Defendants.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because of Defendants operation of the chemical plant in this County and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this County. In addition, Defendants do business and/or transact business in this County, and therefore, are subject to personal jurisdiction in this County and reside here for venue purposes.

### III. THE PARTIES

#### A. Plaintiff

12. Plaintiff Madelyn Reece is a resident of Georgia.

13. As a result of the fire, Plaintiff Madelyn Reece suffered various health issues including respiratory issues and nausea.

14. The Representative Plaintiff and the members of the Putative Class, as a result of the Incident, were among the hundreds of persons who were adversely exposed to, among other things, toxic chemicals, fumes, and carcinogens and were ordered to be evacuated from their residences and businesses as a result of Defendants chemical fire.  Further, significant personal costs have been incurred through the inability to work, forced travel and various other expenses and restrictions on residents throughout the State of Georgia.

#### B. Defendants

15. Upon information and belief, Defendant Bio-Lab, Inc. is a Delaware company engaged in the business of manufacturing and/or supplying swimming pool and spa water care chemicals.

16. Biolab is licensed to do business in the State of Georgia and at all relevant times, owned and operated the Conyers chemical plant located at 1700 Covington Hwy, Conyers, GA 30012.

17. Upon information and belief, Biolab is a wholly owned subsidiary of Defendant KIK Custom Products Inc.

18. KIK Custom Products, Inc. ("KIK") is a corporation formed under the laws of the State of Delaware with its principal places of business in Lawrenceville, Georgia.

19. Upon information and belief, Biolab has consistently held itself out as conducting business affairs as a conduit for KIK in regards with the ownership and operation of the Conyers Plant, including promoting itself as "the swimming pool and spa water care division of KIK Consumer Products, based in Lawrenceville, Georgia."[4]

20. Upon information and belief, the Conyers Plant constituted a joint venture between Biolab and KIK for the purpose of sharing profits and losses, and each contributed their respective skills, property or resources in exercising control or a right of control over the facilities.[5]

IV. **COMMON FACTUAL ALLEGATIONS**

21. Bio-Lab, Inc. and KIK Consumer Products, Inc. are jointly and severally liable for conduct alleged herein because they acted in concert and under alter ego and piercing the corporate veil theories, including based on the domination and /or control by KIK Consumer Products, Inc. and the interlocking and overlapping officers and directors.

22. Defendant Bio-Lab is a manufacturer of pool and spa chemicals under several different brands, including BioGuard, SpaGuard, Spa Essentials, Natural Chemistry, SeaKlear, and Aqua Pill.[6]

23. Among other activities, the Conyers Plant processes and packages tri-chloroisocyanuric acid ("TCCA") for consumer use.

24. TCCA (and other materials) processed at the Conyers Plant are hazardous materials that are highly reactive when exposed to certain conditions, including water.

25. On September 29, 2024, a fire broke out at the Conyers Plant.

---

[4] https://www.biolabinc.com (Accessed October 10, 2024)

[5] https://www.kikcorp.com/contact-us (Accessed October 10, 2024)

[6] https://www.biolabinc.com (Accessed October 10, 2024)

26. Upon information and belief, the resulting chemical fire was caused by the negligence of Defendants as they did not have an adequate fire protection system to quickly and effectively extinguish fires at their facility while also avoiding causing dangerous chemical reactions with water-reactive chemical.

27. The saturation of the chemicals in the plant by the water sprinklers caused a chemical reaction, producing a cloud of hazardous gas.

28. The reaction also caused a fire on the roof of the Conyers plant, causing smoke to pour out of the plant into the surrounding atmosphere.

29. On September 29, 2024, Rockdale County issued a shelter-in-place order for all of Rockdale County not affected by the evacuation order.

30. Individuals sheltering in place were told by officials to keep windows and doors closed and to turn off their air conditioning.

31. The shelter-in-place order affected approximately 77,000 residents.

32. The shelter-in-place order remained in effect until the morning of October 7, 2024.

**V.    CLASS ALLEGATIONS**

33. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, Plaintiff seeks to certify and represent a class defined as:  all residents of the State of Georgia that have been impacted by the Bio Lab Fire (hereinafter the "Class Area").

34. Pursuant to Fed. R. Civ. P. 23(a)(1), the membership of the class of Plaintiffs is so numerous that joinder of all members is impractical.  While the exact number and identification of the Putative Class members are unknown to Representative Plaintiff at this time and can only be ascertained through appropriate discovery and notice, Representative Plaintiff are informed and believe that the Putative Class includes hundreds of thousands of members, if not more.  Class members may be notified of the pendency of this action by recognized, Court-approved notice

dissemination methods, which may include U.S. mail, electronic mail, Internet postings, social media and/or published notice

35. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(b)(3), there are questions of law and fact common to all members of the class and these common issues predominate over any individual issues. The common legal and factual questions do not vary from member to member and may be determined without reference to the individual circumstances of any Class Member, including, but not limited to, the following:

(a) Whether Defendants were negligent;

(b) Whether Defendants created a nuisance;

(c) Whether Defendants engaged in abnormally dangerous activity, rendering it strictly liable for any resulting damages;

(d) Whether Defendants trespassed on property of the Representative Plaintiff and other members of the Putative Class:

(e) Whether the Representative Plaintiff and other members of the Putative Class were injured by Defendants' conduct; and

(f) Whether Defendants acted with conscious disregard for the rights and safety of other persons causing substantial harm, rendering them liable for punitive or exemplary damages.

36. The above common questions predominate over any questions affecting only individual members of the Putative Class.

37. Pursuant to Fed. R. Civ. P. 23(a)(3), the Representative Plaintiff's claims are typical of the claims of the other members of the Putative Class. The Representative Plaintiff, like all other Putative Class members, resided, rented, and/or owned real property within the Class Area and

were required to evacuate their homes. Their claims arise from the same event or course of conduct giving rise to the claims of all members of the Putative Class.

38.     Pursuant to Fed. R. Civ. P. 23(a)(4), the Representative Plaintiff will fairly and adequately protect the interests of the Putative Class. The Representative Plaintiff's interests are not antagonistic, but rather identical, to the interests of all members of the Putative Class. The Representative Plaintiff's counsels have broad experience in handling litigation of this type and are fully qualified to prosecute the claims of the class. The Representative Plaintiff's counsel has successfully litigated multiple class actions on behalf of claimants, resulting in awards to those claimants of substantial sums. Representative Plaintiff's counsels are competent and experienced in personal injury, property damage litigation, litigation relating to the loss of use of property, nuisance, and are experts in railroad law matters that will be crucial to prosecuting claims against the instant Defendants.

39.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division after having had an opportunity to conduct discovery.

### COUNT ONE - ULTRAHAZARDOUS ACTIVITES

40.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

41.     Defendants are engaged in an ultrahazardous activity in the manufacture, processing, and storage of highly toxic and combustible chlorine and other hazardous chemicals.

42.     The manufacture, processing, and storage of chlorine, chloramine, bromine, and other chlorine compounds is an abnormally dangerous and ultrahazardous activity for which Defendants are strictly liable.

43. Defendants' manufacture of highly dangerous, combustible, and toxic chemicals, was an inappropriate place in which the activity was carried out, especially given the close proximity to the populated area of Conyers.

44. The ultrahazardous nature of Defendants' conduct is evident in the history of repeated chemical fires at the Conyers Plant, which were also caused when water-reactive chemicals came into contact with water.

45. Defendants are strictly liable for any and all damages which may occur or arise out of manufacture, processing, and storage of chlorine and other hazardous chemicals regardless of their standard of care.

46. As a direct and proximate result of Defendants' abnormally dangerous activity, all Plaintiffs and members of the Classes have suffered and will continue to suffer harm to their properties and person, resulting in damages as set forth herein.

## COUNT TWO - NEGLIGENCE

47. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

48. Defendants knew or should have known that its activities would present an unreasonable risk of harm to residents and property owners in the vicinity of the subject incident unless reasonable care was exercised to prevent such harm.

49. Defendants had a duty to exercise reasonable care to protect all members of the Putative Class and their properties and businesses.

50. Defendants failed to exercise reasonable care to protect all members of the Putative Class and their properties. Defendants' negligence includes, but is not limited to, failing to maintain and inspect the Conyers Plant; failing to provide appropriate instruction and training to

its employees; failing to provide sufficient employees to safely and reasonably operate the Conyers Plant; and failing to reasonably warn the general public.

51. As a direct and proximate result of Defendants' negligence, all members of the Putative Class sustained injury and damage.

52. In carryout out such negligent conduct, Defendants acted in violation of law and in conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Therefore, Defendants are liable for exemplary and punitive damages.

### COUNT THREE - GROSS NEGLIGENCE/WILLFUL AND WANTON CONDUCT

53. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

54. At all times relevant, Defendants owed a duty to refrain from grossly negligent, willful, wanton, reckless and outrageous conduct and/or conduct which exhibited an utter indifference and/or conscious disregard to the health, safety, and well-being of Plaintiff and the Class Members.

55. For the reasons set forth above, Defendants were grossly negligent, acted with reckless indifference to the health and well-being of Plaintiff and the Class, and/or intentionally failed to take the precautions necessary to prevent foreseeable fires and, in the event of such accident, to prevent massive chemical releases of the sort that occurred herein. Defendants' conduct warrants an award of punitive damages.

### COUNT FOUR - NUISANCE

56. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

57. Defendants' Bio Lab Fire has contaminated property, drinking water, and the ecosystem within the Class Zone.

58. Defendants' tortious acts have interfered with Plaintiff's and members of the Classes' use and enjoyment of their properties, caused displacement, and caused Plaintiffs to suffer injuries, inconvenience, and emotional distress.

59. Plaintiff and members of the Classes have suffered injuries that are different from those experienced by the public generally, including the contamination of their property and drinking water and interference with use and enjoyment of their properties.

60. The Bio Lab Fire created a private nuisance to those owners and renters of property within the Class Zone. This private nuisance has proximately caused the injuries described herein.

61. Defendants' negligent, reckless, and/or intentional acts and omissions were unreasonable and constitute a permanent invasion of the property rights of Plaintiff and the Class Members.

62. As a direct and proximate result of Defendants' acts and omissions, Plaintiff and Class Members have incurred, and will continue to incur, costs and expenses related to the contamination of their properties and drinking water, as well as the damages.

## COUNT FIVE - TRESPASS

63. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

64. Defendants caused or permitted noxious fumes, chemicals, odors, and hazardous substances to invade the property of each and every member of the Putative Class. Such invasions constituted trespass.

65. Members of the Putative Class did not authorize or consent to such invasions of their properties.

66. As a direct and proximate result of Defendants' trespass, members of the Putative Class sustained injury and damage.

67. In carrying out such conduct, Defendants acted in violation of law and in conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Therefore, Defendants are liable for exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff on behalf of herself and all members of the Putative Class pray for judgment against Defendants as follows:

A. For an Order certifying this action and/or common issues raised herein as a Class Action under the appropriate provisions of Rule 23 of the Federal Rules of Civil Procedure, designating Class Representatives, and appointing the undersigned to serve as Class counsel;

B. For notice of class certification and of any relief to be disseminated to all Class Members and for such other further notices as this Court deems appropriate under Rule 23 of the Federal Rules of Civil Procedure;

C. For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the release of chloride in the Class Area on and after September 29, 2024, and thereafter;

D. For an order barring Defendants from removing any property from the Conyers Plant Site which will be useful to the Representative Plaintiff or their experts in determining the cause of the fire and chemical plumes;

E. For an order barring Defendants from destroying or removing any computer or similar records which recorded events regarding the Biolab Fire for the seventy-two (72) hour period immediately preceding the September 29, 2024, incident;

F. For an award of compensatory damages in the amount to be determined for all injuries and damages described herein;

G. For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

H. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees and expenses; and

I. Granting such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

DATED: November 4, 2024

HERMAN JONES LLP

/s/ John C Herman
JOHN C. HERMAN

JOHN C. HERMAN
  (Ga. Bar No. 348370)
CANDACE N. SMITH
  (Ga. Bar No. 654910)
3424 Peachtree Road, N.E., Suite 1650
Atlanta, Georgia 30326
Telephone:  404-504-6500
Facsimile:  404-504-6501
jherman@hermanjones.com
csmith@hermanjones.com

LAW & MORAN
PETER A. LAW
  (Ga. Bar No. 439655)
DENISE HOYING
  (Ga. Bar No. 236494)
563 Spring St NW
Atlanta, GA 30308
Telephone: 404-814-3700
pete@lawmoran.com
denise@lawmoran.com

- 13 -